**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

SOUTHEASTERN MICHIGAN CHAPTER,
NATIONAL ELECTRICAL CONTRACTOR'S
ASSOCIATION,

                Plaintiff,

        v.

SUPERIOR ACQUISITION, INC.,

                Defendant.

CIVIL CASE NO. 07-11711
HON. MARIANNE O. BATTANI

_____/


**OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT AND DENYING DEFENDANT'S CROSS-MOTION**


**I.     INTRODUCTION**

Before the Court are Plaintiff's Motion for Summary Judgment (Doc. #13) pursuant to

FED. R. CIV. PROC. 56(c) and Defendant's Cross-Motion to Dismiss and for Summary Judgment

pursuant to FED. R. CIV. PROC. 12(b)(1) and 56(c) (Doc. # 26). Plaintiff commenced this suit

under Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185,

alleging that Defendant violated the collective bargaining agreement ("CBA") between Plaintiff

and Local Union No. 58 of the International Brotherhood of Electrical Workers ("Local 58")

when it did not pay into a fund for Plaintiff as required by the CBA. Plaintiff asks the Court to

enforce an arbitration award granted by a joint labor-management committee against Defendant.

Because the LMRA grants the Court jurisdiction over all disputes arising out of the CBA,

and not just those between employers and employees, Defendant's Motion to Dismiss is

**DENIED**. Further, because Defendant failed to challenge the arbitration award issued by the

labor-management committee within the appropriate time period, Plaintiff's Motion for Summary Judgment is **GRANTED** and Defendant's Cross-Motion for Summary Judgment is **DENIED**.

## II.      STATEMENT OF FACTS

Plaintiff Southeastern Michigan Chapter, National Electrical Contractor's Association ("NECA"), is a collective bargaining agent for electrical contractors. Defendant Superior Electric is an electrical contractor not affiliated with Plaintiff. Plaintiff has entered into a CBA under the LMRA with Local 58, the local electrical workers union. To avoid having to negotiate separately with Local 58, the unaffiliated electrical contractors enter into a Letter of Assent with Plaintiff that binds them to the terms of the CBA.

In October 2006, Plaintiff and Local 58 agreed to change the CBA via a Memorandum of Understanding (Defendant Exhibit B). As a result, the CBA requires contractors to pay a certain fee from each job into a fund (the Contract Administration Fund, or "Fund"), which would then transfer the proceeds to Plaintiff.[1] Defendant signed a Letter of Assent with Plaintiff in August 2006, and in doing so agreed to be bound by the current and all subsequent approved CBAs.

Defendant refused to pay into the Fund (they were assessed an obligation of just over $1,000) and Plaintiff filed a grievance using the procedures of the CBA. The grievance was referred to the Joint Labor-Management Committee ("Joint Committee") established by the CBA, which consisted of representatives from Plaintiff and Local 58. Defendant identified a

---

[1]   Plaintiff's motivation for the change was that the unaffiliated electrical contractors were using the CBA, but not paying dues to Plaintiff. Because Plaintiff allows its member contractors to set-off the Fund payments against their member dues, the mandatory payment to the Fund essentially serves as Plaintiff's primary fundraising mechanism.

conflict of interest in having Plaintiff's representatives on the Joint Committee deciding the payment issue, but received no response. Defendant was not allowed to (a) have an attorney at the hearing, (b) have the hearing recorded, (c) compel testimony, (d) cross examine witnesses, and (e) adjourn the hearing. On December 14, 2006, Defendant appeared before the full Joint Committee at the arbitration hearing. On December 18, 2006, the Joint Committee ruled that Defendant owed the full payment to Plaintiff.

Plaintiff filed suit to confirm the arbitration award on April 17, 2007. Defendant answered and countersued, alleging: (1) that the arbitration was corrupt, (2) that the Fund was an illegal trust in violation of Section 302 of the LMRA, (3) breach of fiduciary duty and (4) breach of contract.

## III. STANDARD OF REVIEW

Federal Rule of Civil Procedure 56(c) authorizes the Court to grant summary judgment "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." There is no genuine issue of material fact if there is no factual dispute that could affect the legal outcome on the issue. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986). In other words, the movant must show he would prevail on the issue even if all factual disputes are conceded to the non-movant. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

A Fed. R. Civ. P. 12(b)(1) motion for lack of subject matter jurisdiction "can either attack the claim of jurisdiction on its face, in which case all allegations of the plaintiff must be considered as true, or it can attack the factual basis for jurisdiction, in which case the trial court

must weigh the evidence and the plaintiff bears the burden of proving that jurisdiction exists."

DLX, Inc. v. Kentucky, 381 F.3d 511, 516 (6th Cir. 2004).


## IV.    ANALYSIS

### A. Subject Matter Jurisdiction

The first question before the Court is whether the Court has subject matter jurisdiction over a dispute between an employer bargaining organization that is a party to the CBA and an independent employer who has assented to the CBA.  Because the Court's jurisdiction under the LMRA is over CBA itself, regardless of the status of the parties, and because the issue at hand arises out of the CBA, the Court has jurisdiction to hear the dispute.

Section 301 of the LMRA holds that "[s]uits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties."  29 U.S.C. § 185(a).  "Neither the language and structure of § 301 nor its legislative history requires or persuasively supports [limiting jurisdiction to suits between employers and labor organizations]."  Smith v. Evening News Ass'n, 371 U.S. 195, 200 (1962).  "Section 301 jurisdiction is not dependent upon the parties to the suit but rather the nature or subject matter of the action.  Jurisdiction exists as long as the suit is for violation of a contract between a union and employer even if neither party is a union or an employer."  Rehmar v. Smith, 555 F.2d 1362, 1366 (9th Cir. 1976).

Defendant's primary argument against subject matter jurisdiction is that the suit does not involve a dispute between labor and management, and is therefore contrary to the purpose of the

LMRA.  However, the "Supreme Court has interpreted § 301 expansively to find preemption in numerous situations other than disputes between a union and an employer." Southeastern Mich. Roofing Contractors Ass'n. v. C. Davis Roofing, 123 F. Supp. 2d 402, 407 (E.D. Mich. 2000). See also Textile Workers v. Lincoln Mills, 353 U.S. 448, 454 (1957); United Ass'n of Journeymen & Apprentices of Plumbing and Pipefitting Industry v. Local 334, 452 U.S. 615 (1981) (suit by local union to enforce the terms of union constitutions against parent union); Smith, 371 U.S. 195 (suit by individual employees to enforce collective bargaining rights as intended beneficiaries).

The key question in determining jurisdiction is whether the case arises out of a violation of the CBA or out of an independent relationship.  Compare Chicago Area Vending Employers Ass'n v. Local Union No. 761, 564 F. Supp. 1186, 1191-92 (N.D. Ill.1983) (finding that the Court had jurisdiction over a suit by an employer association against a member employer when the complaint alleged that the member employer withheld pay raises in violation of the CBA) with Southeastern Mich. Roofing, 123 F. Supp. 2d at 407 (finding that the court had no jurisdiction over a dispute between a multi-employer association and one of its members when there was no specific claim that the member violated the CBA).  Jurisdiction in Chicago Vending was proper because it involved "not only a breach of the agreement between the multi-employer association and a member, it also involved a breach of the CBA vis a vis the member and the union's alleged 'side agreement' regarding wage increases." Southeastern Mich. Roofing, 123 F. Supp. 2d at 407.  When a dispute between an employer association and a member is over a violation of the CBA, and "falls squarely within § 301." Id.

In this case, Plaintiff is specifically claiming that Defendant violated a provision of the CBA when Defendant withheld payment to the Fund.  Because the Court's jurisdiction covers

"'contracts' between employers and unions and not ... 'suits' between employers and unions," Chicago Vending, 564 F. Supp. At 1190, and the case at hand involves a violation of a CBA, the Court has subject matter jurisdiction under § 301 of the LMRA.

Defendant's other argument against jurisdiction is unpersuasive. Defendant essentially claims that the Fund is not part of the CBA at all, but an "internal dispute between two members of management." As proof of this, Defendant argues that the "carve out" in the Memorandum of Understanding – the provision that states that the "enforcement of delinquent payments and administration [of the Fund] is the sole responsibility of the Southeastern Michigan Chapter, NECA, not the Local Union" – sets the Fund outside the boundaries of the CBA.

However, the Memorandum of Understanding makes it clear that the fee to be paid is a provision of the CBA. The "carve out" that Defendant cites does not remove the Fund from the CBA, but instead makes Plaintiff responsible for enforcing payments to the Fund (which is why Plaintiff brought the grievance) and removes any responsibility from Local 58. Defendant agreed to become a party through the Letter of Assent and Defendant does not challenge or claim breach of the Letter of Assent. Defendant's claims all regard the payment of the fee to the Fund, which arises out of the CBA. As the Court has subject matter jurisdiction over the CBA, Defendant's motion to dismiss for lack of subject matter jurisdiction is denied.

### B. Failure to Challenge Within the Time Period

The next issue before the Court is whether the Defendant's failure to challenge the Joint Committee's arbitration award within the three month time limit bars Defendant from challenging the validity of the award. The Court finds that Defendant's failure to challenge the arbitration award within the three month statutory period effectively bars the defenses and

counter-claims raised by Defendant.

The Sixth Circuit has established a three month time limit for actions challenging arbitration awards under § 301 of the LMRA. Occidental Chem. v. International Chem. Workers Union, 853 F.2d 1310, 1315 (6th Cir.1988). The failure to challenge the award within the prescribed time period will preclude a party "from seeking affirmative relief in a subsequent action to enforce the award." Chauffeurs Local Union No. 135 v. Jefferson Trucking, 628 F.2d 1023, 1025 (7th Cir. 1980). This bar also precludes the raising of objections and defenses that could have been raised in a motion to vacate. Service Emp. Intern. Union, Local No. 36, AFL-CIO v. Office Center Services, 670 F.2d 404, 413 (3rd Cir. 1982).

In Service Emp. Intern. Union, Local No. 36, the defendant challenged an arbitration award, claiming "(1) [t]he Grievance Committee deprived defendant of due process of law in the conduct of its hearing; (2) the Grievance Committee was biased and prejudiced against defendant; (3) the Grievance Committee's findings and conclusions are clearly erroneous, outside the jurisdiction of the Grievance Committee, and they do not draw their essence from the collective bargaining agreement; [and] (4) the award of the Grievance Committee is not enforceable because it directs defendant to take action which is, and has been, beyond defendant's power and ability to do." Service Emp. Intern. Union, Local No. 36, 670 at 406. The Court nonetheless ruled that the defendant's "failure to raise objections within three months which could have been raised in a motion to vacate, modify, or correct the award bars raising them in confirmation proceedings held thereafter." Id. at 413.

Other circuit courts have uniformly held that the party opposing confirmation of an arbitration award may not "sit back with impunity until faced with a motion for summary judgment in federal district court" and must file a motion to vacate within the prescribed time

period for the jurisdiction. <u>Local Union No. 36, Sheet Metal Workers' Int'l v. Atlas Air Conditioning</u>, 926 F.2d 770, 772 (8th Cir. 1991).  <u>See</u> <u>also</u> <u>Florasynth v. Pickholtz</u>, 750 F.2d 171, 175 (2nd Cir. 1984); <u>Taylor v. Nelson</u>, 788 F.2d 220, 225 (4th Cir. 1986); <u>Int'l Union of Operating Engineers Local 150 v. Centor Contractors,</u> 831 F.2d 1309, 1312 (7th Cir. 1987); <u>Teamsters Local No. 70 v. Celotex</u>, 708 F.2d 488, 490 (9th Cir. 1983); <u>IBEW Local 969 v. Babcock</u>, 826 F.2d 962, 966 (10th Cir. 1987).

Because Defendant failed to challenge the arbitration award within the three month time limit, the Court finds that Defendant is precluded from challenging the arbitration award and grants Plaintiff's Motion for Summary Judgment.  Defendant's counter-claims (all of which relate to the alleged impropriety of the arbitration) are hereby dismissed.


**V.     CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's Motion for Summary Judgment is **GRANTED** and Defendant's Motion to Dismiss/Cross-Motion for Summary Judgment is **DENIED**.

**IT IS SO ORDERED.**


                                        s/Marianne O. Battani
                                        MARIANNE O. BATTANI
                                        UNITED STATES DISTRICT JUDGE


DATED: 1/18/08

**CERTIFICATE OF SERVICE**

Copies of this Order were served upon counsel of record on this date by ordinary mail

and electronic filing.

s/Colette Motowski
SECRETARY